IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD SCOTT SWIECICKI,

        Plaintiff,

   v.                                  Case No. 11-cv-808-JPG

DOCTOR SANTOS, DOCTOR SCHICKER,
JANET ROBERTS, GINA FEASEL, WARDEN
BRAD ROBERT and LISA KREBS,

        Defendants.

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 81) of Magistrate Judge Philip M. Frazier recommending that the Court deny the motion for summary judgment filed by defendant Doctor Santos (Doc. 60), grant in part and deny in part the motion for summary judgment filed by defendants Lisa Krebs and Doctor Schicker (Doc. 65), and dismiss as moot plaintiff Ronald Scott Swiecicki's demand for prospective injunctive relief.  Santos objects to the Report's recommended disposition of the claims against him (Doc. 83).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation.  Fed. R. Civ. P. 72(b)(3).  The Court must review *de novo* the portions of the report to which objections are made.  *Id.*  "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

With respect to Santos' motion for summary judgment, Magistrate Judge Frazier found in the Report that, while a reasonable jury could conclude that the evidence regarding Santos's treatment of Swiecicki's arm and shoulder injuries shows that Santos was not deliberately indifferent to a serious medical need, a reasonable jury could also draw a contrary inference based on Santos' selection of treatment and delay of treatment.  In his objection, Santos argues that a reasonable jury could *only*

conclude that he was not deliberately indifferent.  The Court has reviewed the matter *de* novo and disagrees with Santos for the reasons set forth in the Report.  *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1039-40 (7th Cir. 2012) (delay in treatment for painful condition can be deliberate indifference); *Edwards v. Snyder*, 478 F.3d 827, (7th Cir. 2007) (same).  Whether Santos was deliberately indifferent or something less is a question for the jury to decide.

With respect to Krebs and Schicker's motion for summary judgment, the Court has reviewed the Report for clear error and finds none.

Accordingly, the Court:

- **ADOPTS** the Report in its entirety (Doc. 81);

- **OVERRULES** Santos' objections (Doc. 83);

- **DENIES** Santos' motion for summary judgment (Doc. 60);

- **GRANTS in part** and **DENIES in part** Krebs and Schicker's motion for summary judgment (Doc. 65);

- **DISMISSES** Swiecicki's demands for prospective injunctive relief; and

- **DIRECTS** the Clerk to enter judgment accordingly at the close of the case.

The Court **FURTHER ORDERS** the parties to submit a proposed final pretrial order to Magistrate Judge Frazier's chambers on or before June 20, 2014.

**IT IS SO ORDERED.**
**DATED: May 1, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**